UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00012 |
| | ) | Judge Sharp |
| DEZORICK FORD [32] | ) | |
| MICHAEL MASSEY [33] | ) | |
| KEITH JACKSON [34] | ) | |
| DEMARIO WINSTON [35] | ) | |
| DEONTE GRAHAM [36] | ) | |

## ORDER

Defendant Michael Massey, a capital-eligible defendant, has filed a Motion to Continue (Docket No. 2259) in which he seeks to continue the September 16, 2014 trial date and all related deadlines. In so moving, Defendant Massey "proposes that he be allowed until April 20, 2015 (the date reflects nine months from the most recent appointment of 'learned counsel' pursuant to 18 U.S.C. §§ 3005 and 3599) in order to investigate, prepare and present a case in mitigation," and "that, if the Court wishes to set a trial date, that such a date be set no earlier than October 19, 2015 with the understanding that if the death penalty is sought as to the defendant, a substantial additional adjournment will be required." (Id. at 1). Defendant Keith Jackson, another capital-eligible Defendant set for trial on the 16th, also seeks a continuance, asserting that "the defense is not ready for trial at this time," and pointing out that "the government has not completed the authorization process, only partial discovery has been received, counsel anticipates receiving multiple Title III wiretap recordings, [and] learned counsel has recently been appointed." (Docket No. 2297). The Government does not oppose those Motions, and neither Dezorick Ford or Deonte Graham, who are scheduled for trial on that date, have responded in opposition to the Motions.

1

However, Defendant Demario Winston has filed a response in which he objects to Defendant Massey's requested continuance, arguing that "[w]hile the Defendant recognizes the ethical and constitutional requirements on counsel in cases where the Defendant is 'capital eligible' the Defendant respectfully submits that a continuance to a trial date no earlier than October 19, 2015, as requested by Defendant Massey, is too long given his custodial status and the May 7, 2011, date of the alleged incident giving rise to the capital eligible offense." (Docket No. 2305 at 1). Defendant Winston also "submits that such a delay would be prejudicial to him and deprive him of his right to a speedy trial." (Id).

Having considered the filings, the Court finds that neither Defendant Massey or Defendant Jackson can be prepared for trial on September 16, 2014, given the nature of the charges against them and, accordingly, their Motions to Continue (Docket No. 2259 & 2297) are hereby GRANTED. The Court also finds that Defendant Winston makes a valid point regarding the prejudice further delay would have on the non-capital-eligible Defendant. Accordingly, and in the absence of any showing of a need for a continuance by Defendants Ford, Graham or Winston, the trial date of September 16, 2014 as to them is CONFIRMED. The Court will hold a pretrial conference for these Defendants on Monday, September 15, 2014, at 2:30 p.m.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE